**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**CIVIL ACTION NO.** 3:25 **-cv-** 119-RGJ **-___-___**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| **YMP REAL ESTATE**<br>**MANAGEMENT LLC,** | ) | |
| | ) | |
| | ) | |
|       **PLAINTIFF,** | ) | **PLAINTIFF'S COMPLAINT** |
| **VS.** | ) | |
| | ) | *Filed Electronically* |
| **LANDMARK AMERICAN** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
|       **DEFENDANT.** | ) | |

**\* \* \* \* \* \* \* \* \* \***

Comes the Plaintiff, YMP Real Estate Management LLC ("**YMP**" and/or "**Plaintiff**") and for its Complaint against the Defendant, Landmark American Insurance Company ("**Landmark**" and/or "**Defendant**"), states and alleges as follows:

## PARTIES

1.    At all times material, Plaintiff was and is a limited liability company, owners' agent, and real estate manager responsible for the roofs, roof systems, exteriors and envelopes of numerous buildings (most of which are comprised of apartment units) and certain items and fixtures located at or in the immediate vicinity of the following locations in Jefferson County, Kentucky:

| Bldg. No.: | Address: | Unit Nos./Purpose: |
|---|---|---|
| 1 | 5301 Hames Trace | 1 - 12 |
| 2 | 5303 Hames Trace | 13 - 24 |
| 3 | 5305 Hames Trace | 25 - 26 |
| 4 | 5307 Hames Trace | 37 – 48 |
| 5 | 5309 Hames Trace | 49 - 60 |
| 6 | 5311 Hames Trace | 61 - 72 |
| 7 | 5306 Hames Trace | 73 - 84 |
| 8 | 5302 Hames Trace | 85 - 96 |
| 9 | 5300 Hames Trace | 97 - 108 |
| 10 | 5304 Hames Trace | 109 - 120 |
| 11 | 5313 Hames Trace | Daycare Facility |
| 12 | 5317 Hames Trace | Pool House |
| 13 | 5315 Hames Trace | 262 - 298 |
| 14 | 5308 Hames Trace | 225 – 261 |
| 15 | 5310 Hames Trace | 201 – 224 |
| 16 | 5705 - 5709 Oxford Place | 760 – 795 |
| 17 | 5701 - 5703 Oxford Place | 747 – 759 |
| 18 | 5600 - 5604 Oxford Place | 700- 735 |
| 19 | 5610 - 5612 Oxford Place | 796 – 819 |
| 20 | 5613 Oxford Place | 820 – 831 |
| 21 | 5609 - 5611 Oxford Place | 832 – 855 |
| 22 | 5605 - 5607 Oxford Place | 856 – 879 |
| 23 | 5601 - 5603 Oxford Place | 880 - 903 |
| 24 | 6000 Big Ben Drive | Leasing Office |
| 25 | 5513 - 5515 Hames Trace | 509 -524 |
| 26 | 5509 - 5511 Hames Trace | 493 - 508 |
| 27 | 5501 - 5507 Hames Trace | 445 – 492 |
| 28 | 5401 - 5407 Hames Trace | 413 – 444 |
| 29 | 5329 Hames Trace | 401 – 412 |
| 30 | 5520 - 5532 Hames Trace | Townhomes |
| 31 | 5400 - 5414 Hames Trace | Townhomes |
| 32 | 5416 - 5430 Hames Trace | Townhomes |
| 33 | 5500 - 5504 Hames Trace | 609 - 644 |
| 34 | 5506 - 5512 Hames Trace | 561 - 608 |
| 35 | 6122 – 6126 Big Ben Drive | 525 - 560 |
| 36 | 5555 Big Ben Drive | Maintenance Bldg. |

2

(the above-referenced 36 buildings are collectively, the "**Property**").

2.      Plaintiff, YMP, insured the Property through Defendant, Landmark American Insurance Company, which had issued policy number LHD928879 to the Plaintiff, which was in full force and effect on the date of loss subject of this action.

3.      Defendant, Landmark American Insurance Company, is a Oklahoma-based insurance company which issued the subject policy to the Plaintiff, which was in full force and effect at the time of the subject loss.

## JURISDICTION & VENUE

4.      This action is properly before this Court on the basis of diversity of citizenship, pursuant to the requirements of **28 U.S.C. § 1332 - Diversity of citizenship; amount in controversy; costs**, which provides that "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different States." As a result of the damage caused to Plaintiff's, inter alia, roofs, shingles, siding, gutters, fascia, trim, other roof accessories, and building envelopes, Plaintiff's damages in this action total more than $3 million (ACV), exclusive of interest and costs.

5.      The Plaintiff is incorporated in Florida and a citizen of the State of Florida.

6.      The Defendant, Landmark American Insurance Company, is a citizen of the State of Oklahoma.  Defendant is incorporated in Oklahoma and its principal place of business is in Atlanta, Georgia.   Defendant is incorporated in New Hampshire.

7.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2), which states, "a substantial part of the events or omissions giving rise to the claim occurred," and the subject property is situated in this district in Jefferson County, Kentucky.

8.      That portion of the subject insurance contract in Plaintiff's possession at this time is Exhibit "A" to this Complaint.  Upon information and belief, Defendant is in possession of the full insurance contract.

### ALLEGATIONS APPLICABLE TO EACH COUNT

9.      At all times material, Plaintiff was contractually and otherwise responsible for, inter alia, maintaining the Property and carrying the relevant insurance for the Property.

10.      On or about March 3, 2023, Plaintiff sustained a substantial wind and hailstorm loss to, inter alia, a significant portion of the Property, including, without limitation, roofs, roof systems, shingles, fascia, roof metal, gutters,

downspouts, and other parts and portions of the building envelopes. According to one professional engineer retained by Defendant, wind speeds reached higher than 79 mph. The Plaintiff has an estimate for the storm-related damages to the Property in the amount of more than $3 million (ACV), which Landmark American Insurance Company has refused to pay and has therefore failed to fully and adequately indemnify the Plaintiff for its covered losses, notwithstanding that Plaintiff paid the premium charged by Defendant for the coverages afforded pursuant to the terms of the policy and the policy was in full force and effect on the date of loss.

11.   Plaintiff promptly and timely notified Landmark American Insurance Company of the occurrence, and Defendant then assigned the loss Claim Number 7030179406.

12.   Plaintiff fully cooperated with Landmark American Insurance Company following the loss, including, without limitation, an examination under oath, multiple inspections of the damages, and sworn proof of loss. Professional engineers hired by Defendant observed creased, torn, slipped, and missing shingles, and granule loss, as well as other evidence of wind damage.

13.   Plaintiff satisfied all conditions precedent to pursue a valid property loss claim under the subject Policy.

14. Landmark American Insurance Company failed to conduct a proper and reasonable investigation of the loss.

15. Landmark American Insurance Company failed to properly indemnify the Plaintiff for the loss pursuant to the terms of the policy.

16. Landmark American Insurance Company failed to comply with Plaintiff's demands for proper payment under the policy.

17. As result of the loss and the failure to conduct a reasonable investigation and proper adjuster, there was additional damage at the Property.

18. Landmark American Insurance Company wrongfully and improperly processed the claim, and otherwise engaged in wrongful acts and omissions in failing to fully indemnify the Plaintiff for its covered loss.

19. Plaintiff placed reasonable reliance on Landmark American Insurance Company that said Defendant would act in good faith, engage in fair dealing, adjust the claim in good faith and indemnify the Plaintiff promptly for its losses.

## COUNT I:  BREACH OF CONTRACT AGAINST LANDMARK

20. Plaintiff restates and re-alleges every allegation contained in the preceding paragraphs as if fully rewritten herein.

21.     Plaintiff had a valid and binding contract of insurance in place with Defendant on and around March 3, 2023, supported by valid consideration.

22.     The valid Landmark American Insurance Company contract of insurance applied to the Property, and/or at least significant parts and portions of the Property including covered damage at the Property.

23.     Defendant breached the terms of that contract by failing to fully indemnify the Plaintiff for its losses according to the terms of the contract.

24.     Defendant breached the terms of that contract by failing to fully investigate, adjust the loss, and adequately indemnify the Plaintiff according to the terms of the contract.

25.     As a direct and proximate result of the breach of the insurance contract by Landmark American Insurance Company, Plaintiff has sustained losses and damages in an amount yet to be determined but totaling more than $3 million (ACV), exclusive of interest and costs, according to proof at trial.

26.     Plaintiff is entitled to the consequential and incidental damages which naturally resulted from Defendant's breach of the insurance Policy contract.

27.     As a further direct and proximate result of Defendant's breach of the insurance Policy contract, Plaintiff has sustained, suffered and incurred

other reasonably contemplated and foreseeable damages, including, without limitation, the replacement cost value and/or actual cash value of the damage to the Property, attorney's fees, costs, and interest.

28.     Plaintiff's damages in connection with the breach of contract are ongoing.

29.     Plaintiff prays for judgment on this Count against Defendant in an amount totaling more than $3 million (ACV), exclusive of interest and costs.

## **RELIEF REQUESTED**

**WHEREFORE**, for the aforementioned reasons, Plaintiff, YMP, demands the following relief:

A. judgment against Defendant, Landmark American Insurance Company, for the full value of the losses and damages caused by the subject loss at the Property on or about March 3, 2023;

B.     for performance of the Policy and for compensatory damages as a result of Defendant's breach of contract in an amount to be determined by the jury;

C. an award of reasonable attorney's fees and costs incurred in the prosecution of this action;

D. an award of pre- and post-judgment interest; and

E. such further and other additional relief, whether at law or at equity, as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable, pursuant to, inter alia, Federal Rules of Civil Procedure 38 and 39.

Respectfully Submitted,

_/s/ Jonathan Ricketts_____
Jonathan S. Ricketts (KBA #88540)
RICKETTS LAW OFFICES, PLLC
4055 Shelbyville Road
Louisville, KY 40207
(502) 896-2303
(502) 896-2362 fax
jricketts@rickettslawoffices.com
*Counsel for Plaintiff*